Dr. Kathleen M. MARSAGLIA,
Appellant,

v.

The UNIVERSITY OF TEXAS, EL
PASO and The University of
Texas System, Appellees.

No. 08–98–00271–CV.

Court of Appeals of Texas,
El Paso.

Aug. 26, 1999.

**2**

Geoffrey D. Weisbart, Hance, Scarborough, Wright, Keiffer, Woodward & Weisbart, L.L.P., Austin, for Appellant.

Jose Manuel Rangel, Asst. Attorney General of Texas, John Cornyn, Thompson & Knight, Andrew M. Taylor, Bracewell & Patterson, Linda Eads, Austin, Gregory S. Coleman, Spring, Toni Hunter, Austin, for Appellee.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from a summary judgment granted in favor of Appellees. For the reasons stated below, we affirm.

## I. SUMMARY OF THE EVIDENCE

Appellant, Dr. Kathleen Marsaglia, was hired at the University of Texas, El Paso, ("UTEP") in 1989 as a tenure track professor in the Department of Geology. Appellant received "Excellent" and/or "Outstanding" faculty evaluation ratings for the years 1989–1994. Appellant's tenure application was considered beginning in 1995. Despite recommendations by the Geology Department that Appellant be offered tenure by a vote of eight to two, a positive recommendation by the Dean of the College of Science, and unanimous approval by the College of Science Committee, Appellant was not offered tenure.

During her time at UTEP, Appellant claims she witnessed sexually harassing conduct involving Dr. Nick Pingitore, a tenured professor in the Geology Department. Appellant complained to Dr. G. Randy Keller, Chairman of the Geology Department, and informed Dr. Pingitore that she opposed his actions. In September 1995, Appellant filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Texas Commission on Human Rights, ("TCHR") indicating that she had been subjected to unwelcome sexual harassment, a hostile work environment, and retaliation due to the prior reports of such conduct. After filing with the EEOC, Appellant was denied an appeal for the denial of tenure decision.

On June 6, 1996, after an investigation, the TCHR issued a Notice of Right to File a Civil Action. In August, 1996, Appellant filed suit alleging retaliation, sexual harassment, hostile work environment,

conspiracy, tortious interference, intentional infliction of emotional distress. Appellees filed their first Motion for Summary Judgment on November 13, 1996, alleging that Appellant's claims of sexual harassment had not been reported to anyone in authority at UTEP until after the decision that she not be recommended for tenure was made, that Appellant had no property interest in achieving tenure and cannot challenge UTEP's decision not to offer her tenure in court, and that the remainder of Appellant's claims were barred by the sovereign immunity of the state. On June 30, 1997, Appellant filed her First Amended Original Petition, omitting the cause of action for tortious interference and adding a claim for breach of contract. Appellees then filed an amended answer and a plea to the jurisdiction, contending Appellant's claims for breach of contract, conspiracy, and intentional infliction of emotional distress were barred by sovereign immunity. Appellees also specially excepted to Appellant's claim for punitive damages. A hearing was held July 8, 1997.

On September 29, 1997, the trial court entered an order granting summary judgment for Appellees as to Appellant's cause of action concerning the existence of a sexually hostile work environment, granting Appellees' plea to the jurisdiction as to the breach of contract, conspiracy, and intentional infliction of emotional distress claims, and sustaining Appellees' special exception concerning punitive damages. On November 14, 1997, Appellees filed their Third Motion for Summary Judgment, alleging that Appellant could not prove a *prima facie* case for retaliation and seeking to dismiss the two retaliation claims. After a hearing, the trial court granted Appellees' Third Motion for Summary Judgment. This appeal follows.

## II. *DISCUSSION*

Appellant presents one issue on appeal: the trial court erred in granting Appellees' Third Motion for Summary Judgment.

We begin with a discussion of the standard of review.

### A. No–Evidence Summary Judgment Standard of Review

Under the "no-evidence summary judgment" rule, the movant may move for summary judgment if, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or defense on which the nonmovant would have the burden of proof at trial. See TEX.R. CIV. P. 166a(i). The motion must state the elements as to which there is no evidence. *See id.* The reviewing court must grant the motion unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact. *See id.* Under the no evidence summary judgment standard, the party with the burden of proof at trial will have the same burden of proof in a summary judgment proceeding. *See, e.g., Esco Oil & Gas, Inc. v. Sooner Pipe & Supply Corp.*, 962 S.W.2d 193, 197 n. 3 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (commenting that under Rule 166a(i) "the plaintiff as the nonmovant [has] the burden to raise a triable issue on each element essential to the plaintiff's case against each defendant.").

Two recent opinions issued by the San Antonio Court of Appeals state the applicable standard of review for no-evidence summary judgments: " 'A no-evidence summary judgment is essentially a pretrial directed verdict,' and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict." *Taylor–Made Hose, Inc. v. Wilkerson*, No. 04–97–01025–CV, 1999 WL 90021, at *2 (Tex.App.—San Antonio, February 24, 1999, no pet. h.) (op. on reh'g) (quoting *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex.App.—San Antonio1998, pet. denied)); *see also* Hon. David Hittner & Lynne Liberato, *Summary Judgments in Texas*, 34 Hous. L.Rev. 1303, 1356 (1998)

(no evidence summary judgment is essentially pretrial directed verdict).

A no-evidence summary judgment is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* TEX.R. CIV. P. 166a(i); *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997), cert. denied, 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Havner*, 953 S.W.2d at 711. Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact, and the legal effect is that there is no evidence. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983); *Taylor–Made*, 1999 WL 90021, at *2.

## B. The No–Evidence Summary Judgment Motion and Response

In their Third Motion for Summary Judgment, Appellees alleged there was no evidence to support Appellant's causes of action for retaliation. In order to establish a *prima facie* case of retaliation, Appellant was required to prove (1) she engaged in a protected activity, (2) the University took an adverse employment action against her, and (3) the University took the adverse action because of her engagement in the protected activity. *See Graves v. Komet*, 982 S.W.2d 551, 554 (Tex.App.—San Antonio 1998, no pet. hist.); *Mayberry v. Texas Dep't of Agri-*

culture, 948 S.W.2d 312, 315 (Tex.App.—Austin 1997, writ denied). Appellees contended that Appellant could not establish the first and third elements of a *prima facie* case.[1]

As to the first element, the trial court ruled that a sexually hostile work environment did not exist. Thus, Appellees claimed that Appellant's complaints to Dr. Keller regarding Dr. Pingitore's comments, did not rise to the level of "protected activity." We disagree.

Section 21.055 of the Texas Labor Code provides that an employer commits an unlawful employment practice if the employer retaliates or discriminates against a person who, under Chapter 21:(1) opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, or participates in any manner in an investigation, proceeding or hearing. *See* TEX. LAB.CODE ANN. § 21.055 (Vernon 1996); *see also Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 140 (5th Cir.1996) ("An employee has engaged in protected activity if he or she has either "opposed any practice made an unlawful employment practice" by Title VII or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII.").[2] Appellant's deposition testimony establishes that she spoke with Dr. Keller on more than one occasion regarding what she believed to be Dr. Pingitore's sexual harassment of others. Appellant testified that she followed the UTEP sexual harassment policy by reporting what she believed to be sexually harassing conduct to her supervisor, Dr. Keller. She also testified that she let Dr. Pingitore know by her actions and body language that she found certain comments to be offensive. Obviously, sexual harassment is an unlawful

---

1. For the purposes of their Third Amended Motion for Summary Judgment, Appellees assumed that Appellant had established the second element of a *prima facie* case.

2. Chapter 21 of the Texas Labor Code was enacted for the purpose, among others, of

executing the policies of its federal counterpart, Title VII of the Civil Rights Act of 1964, as amended and codified at 42 U.S.C. §§ 2000e et seq. TEX. LAB.CODE ANN. § 21.001(1) (Vernon 1996).

employment practice. The issue here, though, is whether Appellant met her burden of establishing that her conduct was "opposition" to an unlawful employment practice and thus a protected activity. We find that Appellant produced more than a scintilla of probative evidence to raise a genuine issue of material fact as to the first element of her retaliation claim.

As to the third element, Appellant was required to show a causal connection between the protected activity, here the reporting of what she believed to be sexually harassing behavior, and the adverse employment action, her denial of tenure. Appellees maintain there is no evidence to show that President Diana Natalicio had any knowledge of Appellant's complaints about Dr. Pingitore's comments and actions and thus, Appellant can not show a causal connection between the protected activity and the adverse employment action. We agree.

█ Appellees produced an affidavit from President Natalicio in which she stated that prior to the date of her letter notifying Appellant of the tenure decision, she was not aware of any complaint by Appellant about sexual harassment or a sexually hostile work environment created by Dr. Pingitore or any other individual.

Appellant failed to produce any evidence that Dr. Pingitore had knowledge of the complaints she made to Dr. Keller. To the contrary, Dr. Keller testified that he did not tell Dr. Pingitore about Appellant's complaints. Appellant also failed to produce evidence that Dr. Pingitore improperly influenced President Natalicio concerning her denial of tenure. Accordingly, we find that Appellant failed to produce a scintilla of evidence to establish the third element of her retaliation claim. We overrule Appellant's sole issue.

Having overruled Appellant's sole issue on review, we affirm the judgment of the trial court.