OPINION HEADING PER CUR 




 NO. 12-03-00009-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




DONALD PAUL DAGLEY AND

T & J CORPORATION D/B/A §
 APPEAL FROM THE 

TURNER TRANSPORTATION,

APPELLANTS


V.
§
 COUNTY COURT AT LAW OF


ALBERTA THOMPSON, INDIVIDUALLY,

AND VICKIE DILLARD AS NEXT FRIEND

OF DEMITRICE THOMPSON, §
 SMITH COUNTY, TEXAS

DANNY THOMPSON, AND KIM JONES

THOMPSON II, MINOR CHILDREN,

AND JOYCE FRANCISCO AS NEXT FRIEND

OF DEBORAH THOMPSON, AND THELMA

GREEN, INTERVENOR

APPELLEES





OPINION


 Donald Paul Dagley and T & J Corporation d/b/a Turner Transportation (hereinafter referred
to as "Dagley") appeal the trial court's orders granting separate summary judgments, one in favor
of Alberta Thompson, Individually, and Vickie Dillard as next friend of Demitrice Thompson,
Danny Thompson, and Kim Jones Thompson II, minor children, (1) and the other in favor of Joyce
Francisco, as next friend of Deborah Thompson (collectively "plaintiffs"). Dagley also complains
of the trial court's orders striking the summary judgment evidence of three of his witnesses arguing
that these orders so tainted the subsequent jury trial that he is entitled to a new trial in the interest
of fairness and justice. We reverse and remand for a new trial on the merits.


Background


 At approximately 8:25 p.m. on October 2, 1997, Kim Jones Thompson (hereinafter referred
to as "the deceased") was driving a 1995 Ford automobile owned by Thelma Green northbound in
the far right lane of US Highway 271 in Smith County, Texas. Dagley was crossing the highway
where it intersected with Farm to Market Road 757. The deceased's car hit the right rear of the
trailer being pulled by Dagley in his 1993 Mack truck. The deceased was killed instantly upon
impact. 

 Plaintiffs sued Dagley for negligence causing the deceased's death due to, among other
things, his failure to yield the right-of-way before entering the intersection as required by a yield sign
on FM 757. Dagley answered that the deceased caused his own death by being intoxicated at the
time of the collision, failing to keep a proper lookout, driving at an excessive rate of speed, and
failing to take timely action to avoid the collision with the trailer. 

 The plaintiffs filed motions for partial no-evidence summary judgment stating that there is
no evidence that some act of omission or commission of the deceased was a proximate cause of the
accident leading to his death. Dagley filed a response to the motions for partial no-evidence
summary judgment which included a properly authenticated autopsy report. This autopsy report
contained a toxicology report showing the deceased had a .14 blood alcohol level at the time of the
accident. Dagley's response also included affidavits with deposition testimony of Richard Morrisett,
the toxicologist, John Painter, the accident reconstruction expert, and Joseph Hogue, the trooper with
the Department of Public Safety who investigated the accident scene. Following Dagley's response,
the plaintiffs filed motions to strike the testimony of Morrisett, Painter, and Hogue. The trial court,
without a hearing, granted the plaintiffs' no-evidence summary judgment motions and their motions
to strike the testimony of Morrisett, Painter, and Hogue. A jury found that Dagley's negligence
proximately caused the accident and awarded damages to the plaintiffs. Dagley timely filed this
appeal. 

 In Dagley's second issue, which we will address first, he contends that the trial court
improperly granted the plaintiffs' motions for no-evidence summary judgment. Those motions
addressed only Dagley's affirmative defense of comparative fault for the accident. Dagley contends
the deceased was driving while intoxicated and engaged in other negligent conduct as a result of his
intoxication. He also asserts that, collectively, these acts were the proximate cause of the accident. 


Standard of Review
 

 Under the no-evidence summary judgment rule, a party may move for summary judgment
if, after adequate time for discovery, there is no evidence of one or more essential elements of a
claim or a defense on which the nonmovant would have the burden of proof at trial. Tex. R. Civ.
P. 166a(i). The respondent has the initial burden to present sufficient evidence to defeat the no-evidence summary judgment motion. See Wal-Mart Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506
(Tex. 2002). 

 A request for a no-evidence summary judgment is, in effect, a request for a pretrial directed
verdict. Hawkins v. Trinity Baptist Church, 30 S.W.3d 446, 450 (Tex. App.-Tyler 2000, no writ). 
We apply the same legal sufficiency standard in reviewing no-evidence summary judgments as we
apply in reviewing directed verdicts. Id. We must review the summary judgment evidence in the
light most favorable to the respondent and disregard all contrary evidence and inferences. See
Morgan v. Anthony, 27 S.W.3d 928, 929 (Tex. 2000) (per curiam); Hawkins, 30 S.W.3d at 450. 
If the respondent produces more than a scintilla of probative evidence to raise a genuine issue of
material fact, a no-evidence summary judgment is improper. See Marsaglia v. University of Texas, 
El Paso, 22 S.W.3d 1, 4 (Tex. App. - El Paso 1999, pet. denied). If the evidence supporting a
finding rises to a level that would enable reasonable, fair-minded persons to differ in their
conclusions, then more than a scintilla of evidence exists. Id. Less than a scintilla of evidence exists
when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact, and
the legal effect is that there is no evidence. Hawkins, 30 S.W.3d at 450. 


Comparative Negligence


 Dagley's defense to his possible negligence in causing the collision was the deceased's
comparative negligence. See Tex. Civ. Prac. & Rem. Code Ann. § 33.001-33.004 (Vernon 1997
& Supp. 2003). Negligence requires proof of proximate cause. Prudential Ins. Co. v. Jefferson
Assocs., 896 S.W.2d 156, 160-61 (Tex. 1995). Proximate cause requires proof as to both cause in
fact and foreseeability. See City of Gladewater v. Pike, 727 S.W.2d 514, 517 (Tex. 1987). The test
for cause in fact is whether the negligent act or omission was a substantial factor in bringing about
an injury, without which the harm would not have occurred. See Doe v. Boys Clubs of Greater
Dallas, Inc., 907 S.W.2d 472, 477 (Tex. 1995). Foreseeability requires that a person of ordinary
intelligence should have anticipated the danger created by the negligent act or omission. Id. at 478. 
Circumstantial evidence and inferences therefrom are a sufficient basis for determining proximate
cause. See Havner v. E-Z Mart Stores, Inc., 825 S.W.2d 456, 459 (Tex. 1992). 


Driving While Intoxicated


 We must determine whether the deceased's .14 blood alcohol level presents more than a
scintilla of evidence of his comparative negligence. "Intoxicated" means not having the normal use
of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a
drug, dangerous drug, a combination of two or more of these substances, or any other substance into
the body. See Tex. Pen. Code Ann. 49.01 (Vernon 1994). Driving while intoxicated can be a
proximate cause of an accident. See Galveston - Houston Breweries, Inc. v. Naylor, 249 S.W.2d
262, 266-67 (Tex. Civ. App.-Galveston 1952, writ ref'd n.r.e.). With regard to foreseeability, we
know by common knowledge that alcohol distorts perception, slows reaction, and impairs motor
skills while operation of an automobile requires clear perception, quick reaction, and adept motor
skills. El Chico Corp. v. Poole, 732 S.W.2d 306, 311 (Tex. 1987). The tragic relationship between
intoxicated drivers and fatal accidents is unquestionable. Id. A motor vehicle driver's intoxication
is an impairment which is probative evidence to be considered in connection with that driver's
driving ability, vigilance, judgment, reactions, and similar matters. See Gunter v. Morgan, 473
S.W.2d 952, 954 (Tex. Civ. App.-Texarkana 1971, no writ). 

 Plaintiffs respond that the autopsy report showing the decedent's .14 blood alcohol level
merely establishes the cause of death. Plaintiffs contend that intoxication alone does not "convict"
the decedent of negligence and as authority for that contention cite Benoit v.Wilson, 239 S.W.2d
792, 798 (Tex. 1951). We agree with plaintiffs that intoxication alone does not mean that the
decedent was negligent. However, intoxication combined with another act can be an evidentiary fact
to be considered by the jury or trier of the facts in determining whether the decedent committed an
act of comparative negligence. See id. 

 The unobjected-to summary judgment evidence showed the decedent was driving a 1995
Ford automobile when he crashed it into the rear of Dagley's trailer at the intersection of US 271 and
FM 757. We hold that decedent's act of driving a vehicle in a public roadway with a .14 blood
alcohol level is more than a scintilla of probative evidence of negligence. See Naylor, 249 S.W.2d
at 266. The trial court thus erred in granting plaintiffs' partial no-evidence motions for summary
judgment. Marsaglia, 22 S.W.3d at 4. As a result, Dagley was unable to present evidence of the
deceased's comparative negligence during the jury trial of this matter. Dagley's issue two is
sustained. 


Conclusion


 Dagley's evidence presented in response to plaintiffs' motions for no-evidence summary
judgment was sufficient to raise a fact question on the issue of the deceased's comparative
negligence. Accordingly, the trial court erred in granting the motions. Our determination of
Dagley's issue two is dispositive of this appeal. We therefore do not consider issues one and three. 
See Tex. R. App. P. 47.1.

 The judgment of the trial court is reversed and this matter is remanded to the trial court for
a new trial on the merits in accordance with this opinion.



 JAMES T. WORTHEN 

 Chief Justice

Opinion delivered October 8, 2003.

Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.














(PUBLISH)


1. Although intervenor Thelma Green joined in the motion, her name does not appear in the order granting
the motion.