**Rito GALINDO, Appellant,**

v.

**OLD REPUBLIC INSURANCE COMPANY, Appellee.**

No. 08–03–00372–CV.

Court of Appeals of Texas, El Paso.

Sept. 30, 2004.

Monty B. Roberson, El Paso, for Appellant.

Chantel Crews, El Paso, for Appellee.

Before Panel No. 3 BARAJAS, C.J., LARSEN, and CHEW, JJ.

## OPINION

SUSAN LARSEN, Justice.

Rito Galindo appeals from a no-evidence summary judgment granted in favor of his employer's workers' compensation carrier, Old Republic Insurance Co. Determining that genuine issues of material fact exist, and that summary judgment was therefore granted in error, we reverse and remand.

### Facts

The underlying facts in this case are not disputed. In February 1992, while on the job at ASARCO (a copper smelting facility in El Paso), Rito Galindo was exposed to a high concentration of sulfur dioxide gas, resulting in severe pulmonary fibrosis and bronchiolitis obliterans, injuries compensable under Texas Workers' Compensation laws. Galindo asserted before the Workers' Compensation Commission that his injuries entitled him to lifetime income benefits (LIBs). After a benefits contested case hearing in October 2000, the hearing officer found:

> It is obvious from the medical evidence, observance of the Claimant, the doctor's testimony and the Claimant's testimony that he suffers from an extremely severe condition and will not be able to return to any type of work due to that condition which results from the compensable injury. However, the issue is whether or not the Claimant meets the requirements pursuant to § 408.161 to qualify for LIBs.

. . .

> The Claimant testified that the medication he takes for his condition has resulted in cataracts in both eyes. However, the Claimant has not lost sight in both eyes. Claimant also testified that he has substantial loss of use of his legs and arms due to the loss of strength caused by the lack of oxygen in his blood as a result of the injury. The medical evidence does not sufficiently address Claimant's loss of use of his legs and/or arms. Claimant does use a wheelchair and gets tired easily from physical exertion but he still maintains use of his arms and legs. Claimant has not experienced paralysis as a result of his injury nor is his condition a result of a spinal injury as required in subsection (5). Claimant also did not sustain an injury to the skull resulting in incurable insanity or imbecility.

> The LIBs statute strictly limits the types of injuries that qualify for lifetime benefits. It is unfortunate, as in this case, that a Claimant can sustain such a catastrophic injury causing incapacitation and a permanent inability to work yet he does not qualify for LIBs. Even given a liberal interpretation of the statute, this Claimant does not meet the requirements for LIBs due to the nature of his injury. It seems logical that LIBs would be intended for cases such as this where the Claimant has a high impairment rating, cannot return to work, suffers from a severe and permanent impairment as a result of the compensable injury and is a "pulmonary cripple" and

yet this Claimant cannot qualify for lifetime benefits.

The Appeals Panel affirmed the hearing officer's determination. Claimant then timely filed a petition in district court, again asserting his right to LIBs. Old Republic filed a no-evidence motion for summary judgment under Tex.R. Civ. P. 166a(i), contending that it was entitled to judgment as a matter of law as Galindo had produced no evidence of an injury that would qualify him for lifetime income benefits under the Texas Labor Code. Galindo responded with medical affidavits, but the trial court granted summary judgment in favor of Old Republic. This appeal follows.

### Standard of review for no-evidence summary judgment

After an adequate time for discovery, a defendant may move for summary judgment claiming there is no evidence of one or more essential elements of a claim on which the plaintiff would have the burden of proof at trial. Tex.R. Civ. P. 166a(i); *Marsaglia v. University of Texas, El Paso,* 22 S.W.3d 1, 3 (Tex.App.-El Paso 1999, pet. denied). The motion must state the elements as to which the movant contends there is no evidence. *Id.* A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard that we apply in reviewing a directed verdict. *Id.* A no-evidence summary judgment is properly granted if the nonmovant fails to bring forth more than a scintilla of evidence to raise a genuine issue of material fact as to an essential element of the claim. *Id.* at 4. Less than a scintilla of evidence exists when the evidence is " 'so weak as to do no more than create a mere surmise or suspicion' " of a fact, and the legal effect is that there is no evidence. *Id.* (quoting *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983)).

### Statutory requirements for Lifetime Income Benefits

In his sole issue on appeal, Galindo contends that genuine issues of material fact exist as to his entitlement to LIBs, precluding summary judgment. Old Republic responds by citing the statute which sets out eligibility for lifetime benefits, observing that the list of eligible conditions is exclusive, and urging that Galindo does not, as a matter of law, fall within any listed condition.

The statute under which Galindo seeks lifetime benefits reads as follows:

(a) Lifetime income benefits are paid until the death of the employee for:

(1) total and permanent loss of sight in both eyes;

(2) loss of both feet at or above the ankle;

(3) loss of both hands at or above the wrist;

(4) loss of one foot at or above the ankle and the loss of one hand at or above the wrist;

(5) an injury to the spine that results in permanent and complete paralysis of both arms, both legs, or one arm and one leg; or

(6) an injury to the skull resulting in incurable insanity or imbecility.

(b) For purposes of Subsection (a), the total and permanent loss of use of a body part is the loss of that body part. Tex. Lab.Code Ann. § 408.161(a)(b) (Vernon 1996).

Old Republic's no-evidence summary judgment motion challenges Galindo's claim to LIBs as "the plaintiff has produced no evidence of an injury which would qualify him for lifetime income benefits under the Texas Labor Code." The carrier contends that because Galindo's injuries result from

pulmonary disability, because he retains some use of his extremities nor has he lost his sight, he cannot qualify for LIBs. The carrier further urges that nothing in the medical affidavits submitted by Galindo raises a fact issue on his entitlement to lifetime benefits.

Clearly, if Galindo has raised a fact question on his entitlement to LIBs, it must rest on section 408.161(b), which equates total and permanent loss of use of a body part with loss of that body part. In deciding this appeal, then, we must determine whether there is more than a scintilla of evidence that would support a finding that Galindo sustained a total and permanent loss of use of his hands at or above the wrist, his feet at or above the ankle, or one foot at or above the ankle and one hand at or above the wrist.

### Total and permanent loss of use

█ "Total loss of use" of a member of the body exists whenever by reason of injury such member no longer possesses any substantial utility as a member of the body or the condition of the injured member is such that the worker cannot get and keep employment requiring the use of such member. *Hartford Underwriters Ins. Co. v. Burdine*, 34 S.W.3d 700, 705 (Tex.App.-Fort Worth 2000, no pet.); *Pacific Employers Ins. Co. v. Dayton*, 958 S.W.2d 452, 458–59 (Tex.App.-Fort Worth 1997, pet. denied). In addition, to qualify for LIBs, the total loss of use must be permanent. *Dayton*, 958 S.W.2d at 459. Here, in response to Old Republic's no-evidence summary judgment motion, Galindo submitted affidavits from two medical providers, as well as the file of the Texas Workers' Compensation Commission. Old Republic did not object to this evidence.

█ The affidavit of Eugenio Armendariz, M.D., an internist with a subspecialty in critical care, contains the following:

Among my patients is Rito Galindo. I have examined and treated Mr. Galindo on a number of occasions since June 4, 1992 after he was exposed to a high concentration of sulfur dioxide. It is my opinion that Mr. Galindo developed bronchiolitis-obliterans (fixed severe diffuse airways obstruction, unresponsive to bronchodilator therapy). As a result of the severe physiological impairment documented by repeated pulmonary function studies, I believe that the injuries sustained by Mr. Galindo have resulted in a permanent, irreversible damage to his airways, which will prevent him from ever engaging in any kind of work or physical activity that would require significant respiratory effort. Mr. Galindo's condition limits the use of his arms and legs; his condition affects the use of both hands at or above the wrist and both feet at or above the ankle. Although Mr. Galindo has some function with both hands at or above the wrist and some function of his feet at or above both ankles, it is my professional opinion that Mr. Galindo cannot get and keep employment with the use of both hands at or above the wrist nor with the use of both feet at or above the ankle. The above opinions are based upon a reasonable degree of medical probability.

Similarly, the affidavit of Perry Wolfe, M.D., states:

I have had the occasion to treat and examine Mr. Rito Galindo, in connection with an injury sustained on February 28, 1992 while working for ASARCO, INC. Mr. Galindo suffered chemical pneumonitis, secondary to inhalation of sulfur oxide gases. He also suffered corneal burns to both of his eyes. I have treated and examined with him on numerous occasions for these problems. The respiratory problems develop [sic] as the result of inhaling the sulfur oxide gases

has effectively rendered Mr. Galindo a pulmonary invalid. As a result Mr. Galindo has no ability to get and keep employment with the use of both his hands at or above the wrist nor can he get and keep employment with the use of his feet at or above the ankle. My evaluation and assessment of his condition has caused me to conclude that he is totally and permanently disabled. These opinions are rendered with a degree of reasonable medical probability.

We conclude this evidence creates more than a suspicion or surmise of total and permanent loss of use of both hands at or above the wrist, both feet at or above the ankle, or even all four extremities. Moreover, the hearing officer, who had the opportunity to observe Galindo, noted that he suffers from an extremely severe condition and will not be able to return to any type of work. She also observed that he uses a wheelchair. The appeals panel noted that Galindo's wife assists him to the bathroom, and she shaves and bathes him. It also noted that he has been hospitalized frequently, his condition has worsened over time, and it exhausts him to walk across a room.

■ Old Republic next contends that the medical affidavits merely state legal conclusions, and therefore are not evidence sufficient to defeat summary judgment. We disagree. Although the doctors' affidavits are perhaps curt, they both nevertheless contain a treating physician's diagnosis, descriptions of limitations that doctor has personally observed in the patient, description of objective tests which support the patient's limitations and poor prognosis, and finally conclusions that Galindo's injuries are permanent, irreversible, and have rendered him completely disabled. These are not the sort of conclusory affidavits that are insufficient to raise a fact issue. *Ryland Group v. Hood,* 924 S.W.2d 120, 122 (Tex.1996); *Gonzalez v. Temple–Inland Mortgage Corp.,* 28 S.W.3d 622, 626 (Tex.App.-San Antonio 2000, no pet.). We believe that a genuine issue of material fact as to Galindo's eligibility for LIBs exists. His sole issue on appeal is therefore sustained.

### Conclusion

For the reasons stated herein, we reverse the summary judgment and remand the cause to the trial court for further proceedings consistent with this opinion.