# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-04-00197-CV

Jeanette Brizendine, Appellant

v.

Texas Department of Health, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
NO. GN102320, HONORABLE ROSE SPECTOR, JUDGE PRESIDING

## MEMORANDUM OPINION

Appellant Jeanette Brizendine sued her employer Texas Department of Health (the Department) alleging that she was retaliated against for filing a discrimination and retaliation complaint. *See* Tex. Labor Code Ann. § 21.055 (West 1996). The Department sought a no-evidence summary judgment which the trial court granted. Because Brizendine presents more than a scintilla of evidence that she was retaliated against for filing a complaint, and because the Department failed to establish a legitimate justification for repeatedly rejecting her revised job description, we reverse the summary judgment.

## FACTUAL BACKGROUND

The Department hired Jeanette Brizendine in 1986. She is currently classified as a Graphic Designer II in the Bureau of Emergency Management.

Although this case concerns events occurring after 1999, it is helpful to consider the circumstances that served as a backdrop to the facts in question. Brizendine alleges that in 1992 Bureau Chief Gene Weatherall, now deceased, instructed her to escort Dr. Robert Bonham, a member of the Texas Board of Health, for the evening. Brizendine alleges that Weatherall directed her to pick up Dr. Bonham at the airport, take him to dinner, take him to a nightclub for drinks and dancing, and escort him back to his hotel. Brizendine claims that Weatherall indicated that doing so would benefit her professionally. She claims that when she refused to go out with Dr. Bonham, Weatherall told her that she would never get another promotion or pay increase as long as she worked in his bureau. Afterwards, Brizendine filed an internal complaint with the Department.

In order for Brizendine to be eligible for promotions or merit-based pay increases at the Department, her job must be reclassified. However, to reclassify her job she must first submit a revised job description detailing all of the tasks she performs regularly, illustrating that her actual duties and skills surpass those included in her current job classification. Since she declined to escort Dr. Bonham in 1992, Brizendine claims that she has been denied the opportunity to resubmit her job description. As a result, she has also been denied an accurate evaluation of her job performance, a job reclassification, and merit-based pay increases. Consequently, in September 1999, Brizendine filed a sex discrimination and retaliation complaint with the Texas Commission on Human Rights (TCHR) and the Equal Employment Opportunity Commission (EEOC).

At the beginning of November 1999, Brizendine again attempted to submit a revised job description to her current supervisor Kelly Harrell. The revised description remained in Harrell's in-box for five months. In March 2000, Harrell returned Brizendine's proposed job description stating, "Nothing will happen with your job description until you have withdrawn your complaint.

2

Your job description must stay the same as it was written (on 2/17/97)." On April 6, 2000, Harrell again told Brizendine that unless she withdrew her complaint, she could not rewrite her job description. On April 25, Brizendine filed another complaint with the TCHR and the EEOC claiming retaliation. On May 24, 2001, the TCHR administratively dismissed Brizendine's charge and issued a right to sue letter. On August 3, the EEOC also issued a right to sue letter. Brizendine then brought suit against the Department for retaliation pursuant to section 21.055 of the labor code.

## DISCUSSION

### Standard of Review

A no-evidence summary judgment is properly granted if the non-movant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of any claim on which the non-movant would have the burden of proof at trial. *See* Tex. R. Civ. P. 166(a)i; *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W. 2d 706, 711 (Tex. 1997). Thus, a no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Jackson v. Fiesta Mart*, 979 S.W.2d 68, 70 (Tex. App.—Austin 1998, no pet.). Our task is to determine whether the plaintiff has produced any evidence of probative force to raise fact issues on the material questions presented. *See id*. We must consider all the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, every reasonable inference must be indulged in favor of the non-movant, and any doubts resolved in its favor. *Havner*, 953 S.W.2d at 711.

Section 21.055 of the labor code prohibits an employer from discharging an employee in retaliation for opposing a discriminatory practice, filing a charge or a complaint, or assisting in any way in an investigation or proceeding.[1] *See* Tex. Labor Code Ann. § 21.055. In retaliation cases brought under this provision, an employee must first establish a *prima facie* case by showing that: (1) she engaged in a protected activity, (2) an adverse employment action occurred, and (3) a causal link existed between the protected activity and the adverse employment action. *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471 (5th Cir. 2002); *Marsaglia v. Univ. of Texas, El Paso*, 22 S.W.3d 1, 4 (Tex. App.—El Paso, 1999, pet. denied). The causal link required by the third prong of the *prima facie* case of retaliation is less stringent than a "but for" standard. *Long v. Eastfield Coll.*, 88 F.3d 300, 305 (5th Cir. 1996); *La Tier v. Compaq Computer Corp.*, 123 S.W.3d 557, 562 (Tex. App.—San Antonio 2003, no pet.). An employee need not prove that the protected activity is the sole factor motivating the employer's adverse employment action in order to satisfy the causal element. *Id.* Once an employee establishes a *prima facie* case of retaliation, the burden shifts to the

---

[1] Section 21.055 reads:

An employer, labor union, or employment agency commits an unlawful employment practice if the employer, labor union, or employment agency retaliates or discriminates against a person who, under this chapter:

(1) opposes a discriminatory practice;

(2) makes or files a charge;

(3) files a complaint; or

(4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing.

Tex. Labor Code Ann. § 21.055 (West 1996).

employer who must rebut the alleged retaliation by showing that there was a legitimate reason for the adverse action. *La Tier*, 123 S.W.3d at 561 (citing *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 24 (Tex. 2000)). If the employer establishes a non-retaliatory reason for the adverse action, the burden shifts back to the employee to present evidence showing that the employer's proffered reason for the adverse action was pretextual, and that, in fact, without the protected activity, the employer's adverse employment action would not have occurred when it did. *Id.*; *Texas Div.-Tranter, Inc. v Carrozza*, 876 S.W.2d 312, 313 (Tex. 1994); *Continental Coffee Prods. v. Cazarez*, 937 S.W.2d 444 (Tex. 1996).

**Causal Link**

Although both parties discuss events prior to 1999 at length, in accord with Brizendine's lawsuit, we focus only on her 1999 complaint and the alleged retaliation that followed. In evaluating the Department's no-evidence summary judgment argument, we first consider whether Brizendine successfully met her initial burden by making a *prima facie* showing that the Department denied her access to employment review and advancement procedures because she filed a discrimination and retaliation complaint with the TCHR and the EEOC. *See La Tier*, 123 S.W.3d at 562. The plain language of section 21.055 identifies filing a complaint as a protected activity, *see* Tex. Labor Code Ann. § 21.055, and the Department concedes that denying Brizendine the opportunity to rewrite her job description is an adverse employment action. Thus, Brizendine established the first two elements of her *prima facie* case. The Department contends that Brizendine failed, however, to submit evidence establishing a causal link between her complaint and the adverse employment action.

5

In order to meet her burden on the third prong of her *prima facie* case, Brizendine must present more than a scintilla of evidence raising a genuine issue of material fact with respect to whether her 1999 complaint is causally linked to the Department's denial of her revised job description. *See* Tex. R. Civ. P. 166(a)i; *Havner*, 953 S.W. 2d at 711 (Tex. 1997). First, close temporal proximity between an employee's protected activity and an adverse employment action may provide a sufficient causal connection for a showing of retaliation. *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir. 1993). Less than two months passed between the filing of Brizendine's complaint and Harrell's refusal to submit Brizendine's revised job description. Depending on the facts and circumstances, two months may be sufficiently proximate to establish a *prima facie* causal link between an employee's protected activity and an adverse employment action. *Chemical Express Carriers, Inc. v. Pina*, 819 S.W.2d 585, 590 (Tex. App.—El Paso 1991, writ denied).

Here, however, we have other evidence, besides the close temporal proximity that bears on the causal link. After letting Brizendine's revised job description sit in her in-box for five months, Harrell returned it and informed Brizendine that it would not be accepted until Brizendine withdrew her complaint. Approximately one month later, Harrell reiterated that she would not accept a revised job description until Brizendine withdrew her complaint. Even assuming *arguendo* that Brizendine's other evidence–corroborating testimony from several co-workers–is hearsay or incompetent as the Department urges, Harrell's statements are direct evidence of retaliatory motive and a causal link between the adverse employment action and Brizendine's protected activity.

The Department denies that this evidence establishes any causal link because Harrell is not the final decision maker with respect to the Department's employee advancement. *See*

6

*Marsaglia*, 22 S.W.3d at 5 (affirming summary judgment where there was no evidence that university president, who had authority over tuition decisions, knew about plaintiff's sexual harassment complaints). However, while Brizendine's 1999 complaint focused on alleged retaliation in the form of denied promotions and pay raises, this case is the result of retaliation following the 1999 complaint in the form of Harrell's refusal to even accept and submit her revised job description in order for Brizendine to be eligible for the type of review that could result in a promotion or a raise. The State has conceded for purposes of this appeal that Harrell's alleged refusal to submit Brizendine's revised job description alone constitutes an actionable adverse employment action. And, even if Harrell was not the "final decision maker" with respect to this type of action, as the Department contends, there is evidence that Weatherall had told Harrell not to submit the revised job description. We have previously found legally sufficient evidence of retaliation based in part on a superior's ordering a plaintiff's immediate supervisor to withhold an evaluation necessary for the plaintiff to receive a merit pay increase. *See Mayberry v. Texas Dep't of Agric.*, 948 S.W.2d 312, 315-16 (Tex. App.—Austin 1997, writ denied). This evidence, along with Harrell's statements that she refused to submit the revised job description because Brizendine had filed a complaint against the Department, especially when coupled with close temporal proximity, is sufficient to establish a causal link for the purposes of the *prima facie* case.

**Legitimate Reason**

Because Brizendine succeeds in establishing a *prima facie* case of retaliation, the burden shifts to the Department to show that there was a legitimate reason for refusing to accept Brizendine's revised job description. *La Tier*, 123 S.W.3d at 561. Although the Department claims

7

that financial constraints prevented it from offering Brizendine merit-based pay increases for the period in question, it has offered no legitimate explanation for Harrell's refusal to submit a revised job description after Brizendine filed the 1999 complaint. Therefore, the Department fails in meeting its burden to establish a legitimate reason for the adverse employment action. Consequently, we need not progress to the third and final step of the burden-shifting analysis to consider the issue of pretext. *See id.*

Because Brizendine presented more than a scintilla of evidence that the Department prevented her from submitting a revised job description in retaliation for the filing of her 1999 complaint with the TCHR and the EEOC, and because the Department failed to present a legitimate non-retaliatory reason for doing so, we hold that the trial court improperly granted the Department's no-evidence summary judgment motion.

## CONCLUSION

Having resolved Brizendine's issue in her favor, we reverse the trial court's summary judgment and remand the cause for further proceedings.

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Reversed and Remanded

Filed:   December 9, 2004

8