**Jose Raul SOTO, Appellant,**

v.

**THE CATHOLIC DIOCESE OF EL PASO and Bishop Armando Ochoa, Appellees.**

No. 08–03–00041–CV.

Court of Appeals of Texas, El Paso.

Jan. 27, 2005.

Jose Raul Soto, El Paso, pro se.

David M. Driscoll, Ainsa Partners L.L.P., El Paso, for Appellees.

Before Panel No. 4 BARAJAS, C.J., LARSEN, and McCLURE, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from the trial court's granting of a no-evidence motion for summary judgment against Appellant. For the reasons stated herein, we affirm the judgment of the trial court.

## I. SUMMARY OF THE EVIDENCE

The substantive facts in this case are not disputed. The Appellant, Jose Raul Soto, *pro se*, filed a lawsuit against the Catholic Diocese of El Paso and Bishop Armando Ochoa complaining that Appellant was the victim of sexual abuse perpetrated by a catholic priest, Irving Klister, now deceased. Irving Klister was a parish priest assigned to Saint Pius X Catholic Church in El Paso, Texas. Appellant contends that the abuse occurred in 1958 when Appellant was thirteen years of age and enrolled as a student at Saint Pius X Catholic Parochial School.

Appellant pleads that Father Klister called him into the sacristy of the church sometime during 1958 where he sexually assaulted the Appellant. The incident was repeated approximately one week after the initial event. The Appellant contends that after the second contact with Father Klister, he reported the incident to his mother who did not believe him, nor did she take any action in response. Appellant contends that Father Klister attempted to initiate a third incident of sexual abuse but that Appellant confronted Father Klister and threatened to report the conduct. Apparently no further abuse of Appellant occurred nor was any action taken in response to these incidents. Appellant admits that at the time of the alleged abuse, he was aware that such conduct was wrong and, he, in fact, was able to stop the abuse by confronting Father Klister. He also admits that he told his mother about the alleged abuse though she took no action. He also states that he intended to inform his uncle if the abuse continued. There are no allegations that the abuse continued or that he informed any other adult.

Appellant's Original Petition contains no allegations or complaints about any conduct of the Diocese of El Paso or Bishop

Ochoa. Appellant does not contend that he notified anyone at the Diocese nor that he had any contact with Bishop Ochoa.

Appellees filed a no-evidence summary judgment alleging that Bishop Ochoa was appointed as the Bishop of the Diocese of El Paso on April 1, 1996 and installed as Bishop in June of 1996. Bishop Ochoa did not know Father Klister nor did he have any knowledge of any alleged actions taken by Father Klister.

Appellees also contend that the Diocese has no record of any allegations of abuse to Mr. Soto nor any claim about the incident until Mr. Soto's first notice to the Diocese on July 2, 2002. The Diocese also contends that all the individuals who were in positions of authority over Father Klister are now deceased.

Appellees attached an affidavit from Bishop Armando Ochoa confirming that Bishop Ochoa had no personal knowledge about the incidents of alleged abuse and that the Diocese had no records of a complaint from the time period in question.

The record does not contain a copy of Appellant's response to the motion for summary judgment, if any was filed. The trial court entered an Order granting Appellees' motion for summary judgment noting that Appellant did not file any controverting affidavits or summary judgment evidence.

Appellant appeals asserting three issues on review.

## II. *DISCUSSION*

### A. Standard of Review

■ Under the "no-evidence summary judgment" rule, the movant may move for summary judgment if, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or defense on which the nonmovant would have the burden of proof at trial. *See* Tex.R. Civ. P. 166a(i). The motion must state the elements as to which there is no evidence and the reviewing court must grant the motion unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact. *See id.* Under the no evidence summary judgment standard, the party with the burden of proof at trial will have the same burden of proof in a summary judgment proceeding. *See, e.g., Esco Oil & Gas, Inc. v. Sooner Pipe & Supply Corp.,* 962 S.W.2d 193, 197 n. 3 (Tex.App.-Houston [1st Dist.] 1998, pet. denied) (commenting that under Rule 166a(i) "the plaintiff as the nonmovant [has] the burden to raise a triable issue on each element essential to the plaintiff's case against each defendant").

■ A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Marsaglia v. University of Texas, El Paso,* 22 S.W.3d 1, 3–4 (Tex.App.-El Paso 1999, pet. denied); *see also* Hon. David Hittner & Lynne Liberato, *Summary Judgments in Texas,* 34 Hous. L.Rev. 1303, 1356 (1998). A no-evidence summary judgment is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* Tex.R. Civ. P. 166a(i); *Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997), *cert. denied,* 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, then more than a scin-

tilla of evidence exists. *Havner*, 953 S.W.2d at 711. Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact, and the legal effect is that there is no evidence. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983).

### B. Issues on Review

In three issues on review, Appellant challenges the court's granting of the Appellees' motion for summary judgment. In a compound argument, Issue No. One attempts to complain of the granting of summary judgment based upon the pleadings filed by Appellant and asks this Court to find that Appellant is not barred from pursuing a claim under the doctrine of respondeat superior. The issue does not articulate a complaint about the trial court's ruling other than asking the question of whether Appellant's claim is barred despite the doctrine of respondeat superior. Issue No. Two contends that the statute of limitations should not bar Appellant's claims under the discovery doctrine or the doctrine of equitable estoppel. Issue No. Three suggests that the issues raised in Issue Nos. One and Two create a question of a material fact which should be decided by a jury.

In sum, the three issues appear to complain of the trial court's granting of Appellees' summary judgment for the reason that Appellant believes that he should be able to pursue a claim against the Appellees under the doctrine of respondeat superior, that the statute of limitation should not act as a bar, and that a fact issue exists as to the substance of his cause of action. Appellant does not address the procedural hurdles created by his minimal pleadings and non-response to the motion for summary judgment. In the interest of attempting to address Appellant's challenge on appeal, we read his issues as a complaint that there is more than a scintilla of evidence to support a cause of action against the Appellees for the alleged injuries suffered by Appellant and caused by Father Klister and that the trial court erred in granting the Appellees' no-evidence motion for summary judgment as a matter of law.

In the case before us, Appellant filed a petition complaining of the conduct of Father Irving Klister only. There is no pleading to support any cause of action against either Appellee nor was there any summary judgment evidence filed to controvert the "no-evidence" motion for summary judgment filed by Appellees. In light of the pleadings on file and the record before us, we do not reach the question of whether the doctrine of respondeat superior is applicable in this case nor do we reach the issue of whether the statute of limitations is a bar to Appellant's claim. Under Texas Rule of Civil Procedure 166a(i), Appellant has failed to meet his burden to defeat Appellees' "no-evidence" motion for summary judgment. In this case, Appellant, the non-movant below, did not plead a cause of action against either Appellee, stated no facts to support a claim against either Appellee, and presented no evidence of the liability of either Appellee in response to the motion filed. For the reasons stated, we affirm the judgment of the trial court and overrule all Appellant's issues.

Having overruled each of Appellant's issues on review, we affirm the judgment of the trial court.

LARSEN, J., not participating.