

# NUMBER 13-12-00751-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ROBERTO MORALES AND
OSBELIA MORALES,                                      Appellants,

**v.**

FIRST NATIONAL BANK AND
CARLOS A. RODRIGUEZ,                                  Appellees.

## On appeal from the County Court at Law No. 1
## of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellants Roberto and Osbelia Morales appeal a summary judgment entered in

favor of appellees First National Bank and Carlos A. Rodriguez (collectively, the Bank).

By a single issue, the Moraleses contend that the trial court erred in granting the Bank's

no-evidence motion for summary judgment. *See* TEX. R. CIV. P. 166a(i). We affirm.

## I. BACKGROUND

In 2007, the Moraleses entered into a real estate transaction with Bryan Robinson.[1] In connection with the transaction, an attorney wrote a $23,668.56 check from her trust account. She made the check payable to the Moraleses and indicated in the memo of the check that it was sales proceeds. It is undisputed that the check was drawn on First National Bank and that someone left it at the bank. The Moraleses allege that Rodriguez informed them that they could pick up the check. They further claim that they went to the bank and, in reliance on a promise by Rodriguez's secretary that the check would be cashed, endorsed the check. The Moraleses also allege that Rodriguez's secretary took the check to a bank teller but returned and told them the check would not be cashed. Finally, the Moraleses assert that the check was not returned to them; instead, it was given to Robinson.

The Moraleses filed suit claiming that the Bank's conduct constituted fraud. The Bank filed a motion for no-evidence summary judgment on the basis that there was no evidence of one or more of the elements of fraud, specifically that "there [was] no evidence that at the time an employee of First National Bank allegedly promised to cash the check . . . , the employee intended not to fulfill the promise." In response, Roberto filed a document titled "Notice of filing deposition excerpts in opposition to First National

---

[1] Bryan Robinson is not a party in this lawsuit. However, the Moraleses sued him in [*Morales*] *Garza v. Robinson*, a suit that involved the same real estate transaction that forms the basis of this appeal. *See* No. 13-11-00015-CV, 2013 WL 3326465, at *1 (Tex. App.—Corpus Christi June 27, 2013, no pet.) (mem. op.). In *Garza*, we affirmed the trial court's summary judgment granted in favor of Robinson and based on his statute-of-fraud affirmative defense. *See id.*

2

Bank and Carlos A. Rodriguez's motion for new [sic] evidence summary judgment."[2]

Without more, Roberto set out that he was filing the following with his notice: (1) "excerpts of his [d]eposition [t]ranscript of January 11, 2012, specifically [p]ages 40–46 to refute the no-evidence motion"; (2) a copy of *Batto v. Gafford,* 119 S.W.3d 346, 348 (Tex. App.—Waco 2003, no pet.) (identifying the elements of fraud and the standard of review for the granting of a no-evidence motion for summary judgment); and (3) Roberto's complete deposition transcript, "along with said excerpts." The trial court granted the Bank's motion, and this appeal followed.[3]

## II. APPLICABLE LAW AND STANDARD OF REVIEW

To recover on an action for fraud, the plaintiff must prove that (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon that representation; and (4) the plaintiff actually and justifiably relied upon the representation and thereby suffered injury. *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001). A promise to do an act in the future is actionable fraud when made with the intention,

---

[2] We note that Osbelia did not file a response to the Bank's no-evidence motion for summary judgment.

[3] On August 21, 2013, counsel for the Moraleses filed a document requesting that we take judicial notice of additional authority. Within the style of the case, counsel indicated that plaintiff Osbelia Morales and defendant Carlos A. Rodriguez are now deceased. Rule 7 of the rules of appellate procedure states:

> If a party to a civil case dies after the trial court renders judgment but before the case has been finally disposed of on appeal, the appeal may be perfected, and the appellate court will proceed to adjudicate the appeal as if all parties were alive. The appellate court's judgment will have the same force and effect as if rendered when all parties were living. The decedent party's name may be used on all papers.

TEX. R. APP. P. 7.1(a)(1). Because the judgment affects the property rights, as opposed to purely personal rights, of the parties, we conclude that the appeal may proceed under rule 7.1(a)(1). *See id.*; *Casillas v. Cano*, 79 S.W.3d 587, 592 (Tex. App.—Corpus Christi 2002, no pet.).

design, and purpose of deceiving, and with no intention of performing the act. *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex. 1986).

The trial court must grant a no-evidence motion for summary judgment unless the nonmovant produces more than a scintilla of summary judgment evidence to raise a genuine issue of material fact on the challenged elements. TEX. R. CIV. P. 166a(i); *Forbes, Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). A nonmovant produces more than a scintilla of evidence when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004); *Marsaglia v. Univ. of Tex., El Paso*, 22 S.W.3d 1, 4 (Tex. App.—El Paso 1999, pet. denied). A nonmovant produces no more than a scintilla when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *Forbes, Inc.*, 124 S.W.3d at 172; *Marsaglia*, 22 S.W.3d at 4.

"To defeat a motion made under paragraph (i), the respondent is not required to marshal [his] proof; [his] response need only point out evidence that raises a fact issue on the challenged elements." TEX. R. CIV. P. 166a(i), cmt 1997. Any issues the nonmovant contends avoid the movant's entitlement to summary judgment must be expressly presented by written answer to the motion and are not expressly presented by mere reference to summary judgment evidence. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). Attaching entire documents and depositions to a response to a motion for summary judgment and referencing them only generally does not relieve the party of the need to point out to the trial court where in the documents the issues set forth in the response are raised. *Arrendondo v. Rodriguez*, 198 S.W.3d 236,

238–39 (Tex. App.—San Antonio 2006, no pet.).

We review summary judgments de novo. *Alejandro v. Bell*, 84 S.W.3d 383, 390 (Tex. App.—Corpus Christi 2002, no pet.). A no-evidence summary judgment is equivalent to a pretrial directed verdict, and we apply the same legal sufficiency standard on review. *Zapata v. Children's Clinic*, 997 S.W.2d 745, 747 (Tex. App.—Corpus Christi 1999, pet. denied). We must consider all the evidence in the light most favorable to the party against whom the trial court rendered summary judgment, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Timpte Indus. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); *see City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We will affirm a no-evidence summary judgment if the record shows one of the following: (1) there is no evidence on the challenged element; (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove the challenged element; (3) the evidence offered to prove the challenged element is no more than a scintilla, or (4) the evidence conclusively establishes the opposite of the challenged element. *City of Keller*, 168 S.W.3d at 810; *Patel v. City of Everman*, 179 S.W.3d 1, 17 (Tex. App.—Tyler 2004, pet. denied); *Taylor-Made Hose, Inc. v. Wilkerson*, 21 S.W.3d 484, 488 (Tex. App.—San Antonio 2000, pet. denied) (op. on rehr'g en banc).

### III. DISCUSSION

By their sole issue, the Moraleses contend that "[t]here existed sufficient evidence of fraud by [the Bank] in the [trial c]ourt file to preclude the granting of the [n]o[-][e]vidence [s]ummary [j]udgment." They assert that the trial court erred in granting the Bank's motion "because the sworn testimony of Roberto Morales in his filed deposition of

5

January 11, 2012 created a genuine issue of material fact as to whether or not fraud was committed by [the Bank] against [the Moraleses]."

## A.  Excerpted Portion of Roberto's Deposition Testimony

In support of their notice filed in response to the Bank's no-evidence motion, the Moraleses directed the trial court to an excerpted portion—pages 40 through 46—of Roberto's deposition testimony, which they claimed raised a fact issue on the intent element of their fraud claim.  *See* TEX. R. CIV. P. 166a(i), cmt 1997; *McConnell*, 858 S.W.2d at 341.  That specific testimony established that Roberto communicated with Rodriguez and Rodriguez's secretary about the check.  According to Roberto, Rodriguez informed him that he would not meet Roberto at the bank as originally planned because "he had a meeting at another bank, but . . . his secretary had the check and she would hand it over."  Roberto testified that the secretary asked him and his wife to sign the check because, according to Roberto, "she was going to cash it . . . with the teller . . . to give [them] the cash."  According to Roberto's deposition testimony, after they signed the check and the secretary took it "to the window," she returned and told Roberto, "Mr. Rodriguez called me that [sic] I could not hand over the check."

Considering this testimony in the light most favorable to the Moraleses, crediting evidence favorable to the Moraleses if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not, *see Timpte Indus.*, 286 S.W.3d at 310; *City of Keller*, 168 S.W.3d at 827, we conclude there is no evidence or no more than a scintilla of evidence on the intent element of Moraleses' fraud claim.  *See City of Keller*, 168 S.W.3d at 810; *Patel*, 179 S.W.3d at 17; *Taylor-Made Hose*, 21 S.W.3d at 488.  This testimony supports, at most, only "mere surmise or suspicion," *see Forbes*, 124 S.W.3d at

6

172, that the secretary did not intend to cash the check when she asked the Moraleses to sign it. *See Ernst & Young*, 51 S.W.3d at 577; *Spoljaric*, 708 S.W.2d at 434. The evidence, instead, conclusively establishes the opposite—that after the Moraleses endorsed the check, the secretary intended to cash it. *See City of Keller*, 168 S.W.3d at 810. So based on Roberto's deposition excerpt, we conclude that the trial court did not err in granting the Bank summary judgment on this basis.

## B. Remainder of Deposition Testimony

Although the Moraleses also attached a complete copy of Roberto's deposition transcript to their response to the Bank's no-evidence motion, they only referenced it generally. They did not point out where in the transcript any issues set forth in their response were raised, and their general reference to the transcript does not relieve them of their responsibility to do so. *See* TEX. R. CIV. P. 166a(i), cmt 1997; *Arrendondo*, 198 S.W.3d at 238–39; *see also Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 81 (Tex. 1989) (explaining that neither the appellate court nor the trial court is required to wade through a voluminous record to marshal the respondent's proof in determining whether a summary judgment respondent successfully carried its burden); *Blake v. Intco Invs. of Tex., Inc.*, 123 S.W.3d 521, 525 (Tex. App.—San Antonio 2003, no pet.) (same).

Nonetheless, because the trial court's order reflects that it reviewed the evidence and because the deposition transcript is not clearly voluminous, we have reviewed Roberto's deposition testimony in its entirety. *See Rogers*, 772 S.W.2d at 81; *see also Gallegos v. Johnson*, No. 13-07-00603-CV, 2010 WL 672934, at *4–7 (Tex. App.—Corpus Christi Feb. 25, 2010, no pet.) (mem. op.) (agreeing that rule 166a(d) "only required appellants to reference evidence attached to their response to the summary

7

judgment, especially considering appellants' summary judgment evidence is not voluminous," and noting that "appellants' response clearly referenced the deposition testimony of Gallegos, Ramon, and Salaiz as evidence raising a fact issue and precluding summary judgment as to whether Dr. Johnson assaulted appellants, and the trial court indicated in its summary judgment order that it considered appellants' response"). Having done so, we have found no evidence that would defeat the Bank's motion and conclude that the trial court did not err in rendering summary judgment on the basis that, after reviewing all evidence attached to the Moraleses' response, there was no evidence to support the intent element of their fraud claim.

## C. Argument Raised for the First Time on Appeal

The Moraleses also contend that we should infer the Bank's intent to defraud from the Bank's action in giving the endorsed check to Robinson—an act the Moraleses claim occurred after Rodriguez made the representation that the check was to be cashed. On appeal, relying on section 3.501(b)(2) of the business and commerce code, the Moraleses argue that the Bank's duty was to either refuse to cash the check presented to them or to return the check to them; it was not to transfer the check to Robinson. *See* Tex. Bus. & Comm. Code Ann. § 3.501(b)(2) (West 2002). Yet the Moraleses make this argument for the first time on appeal, and any issues a nonmovant contends avoid the movant's entitlement to summary judgment must be expressly presented by written answer to the motion and are not expressly presented by mere reference to summary judgment evidence. *See McConnell*, 858 S.W.2d at 341. Because the Moraleses did not present this argument to the trial court, we do not consider it on appeal. *See id.*

8

**D.  Summary Judgment Entered Against Osbelia**

As noted above, Osbelia did not file a response to the Bank's motion for no-evidence summary judgment.  "Absent a timely response, a trial court must grant a no-evidence motion for summary judgment that meets the requirements of [r]ule 166a(i). If a nonmovant wishes to assert that, based on the evidence in the record, a fact issue exists to defeat a no-evidence motion for summary judgment, [s]he must timely file a response to the motion raising this issue before the trial court."  *Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citing TEX. R. CIV. P. 166a(i)).  The Bank's motion met the requirements of rule 1661(i).  *See* TEX. R. CIV. P. 166a(i).  Osbelia filed no response before the trial court.  So the trial court did not err when it granted the Bank summary judgment against Osbelia.  *See id.*; *Landers*, 257 S.W.3d at 746.

**E.  Summary**

We overrule the Moraleses' sole issue.

### IV.  CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 19th
day of December, 2013.

9