Tanya **MAYBERRY**, Appellant,

v.

**TEXAS DEPARTMENT OF AGRICULTURE,**
Appellee.

No. 03–96–00386–CV.

Court of Appeals of Texas,
Austin.

May 8, 1997.

Motion to Publish Granted June 19, 1997.

Jefferson K. Brim, III, Brim, Arnett & Judge, Austin, for appellant.

Dan Morales, Attorney General, Kaye Schultz, Assistant Attorney General, General Litigation Division, Austin, for appellee.

Before CARROLL, C.J., and ABOUSSIE and B.A. SMITH, JJ.

CARROLL, Chief Justice.

This case arises out of a dispute over alleged employment discrimination. Tanya Mayberry appeals the trial court's judgment in one point of error. Appellee, Texas Department of Agriculture (the "Department") appeals the judgment by two cross-points of error. We will affirm the judgment of the trial court.

## BACKGROUND

Tanya Mayberry began working for the Department in 1988. In May 1993, she filed a complaint with the Texas Commission on Human Rights (the "Commission") alleging racial discrimination and retaliation for giving testimony in a sexual harassment lawsuit. *See* Commission on Human Rights Act, 68th Leg., 1st C.S., ch. 7, §§ 1.01–10.01, 10.04, 10.05, 1983 Tex. Gen. Laws 37, amended by Act of May 27, 1985, 69th Leg., R.S., ch. 729, § 39, 1985 Tex. Gen. Laws 2529 (Tex.Rev. Civ. Stat. Ann. art. 5221k, since amended,

and repealed by Act of May 12, 1993, 73d Leg., R.S., ch. 269, §§ 1, 5(1), 1993 Tex. Gen. Laws 987 and codified at Tex. Labor Code Ann., Ch. 21).[1] Mayberry alleged the Department denied her a position reclassification because she testified on behalf of an accused Department employee. The Commission gave Mayberry permission to pursue a civil action in district court. *See* Tex.Rev. Civ. Stat. Ann. art. 5221k, § 7.01(a). Mayberry filed her lawsuit in early 1994, seeking an injunction, back-pay, pre- and post-judgment interest, a report to the court, court costs, and attorneys' fees.

Mayberry also alleged that the Department further discriminated and retaliated against her after she filed her lawsuit. She amended her pleadings to allege the additional offensive conduct, specifically that the Department delayed giving her a performance evaluation and ultimately gave her evaluations that were lower than her previous evaluations. Mayberry argued she did not receive merit pay increases she would have received had it not been for the Department's retaliatory actions. Then, two weeks before trial in 1995, Mayberry again amended her pleadings to seek additional remedies of compensatory damages for mental anguish and emotional distress. The Department specially excepted to Mayberry's pleading for compensatory damages, contending that the statute creating Mayberry's cause of action did not allow recovery of compensatory damages. *See id.* § 7.01(c), (d), & (e) (since amended). The record does not reveal that the exceptions were filed before trial or that the trial court ever expressly ruled on the Department's special exceptions.

At trial, Mayberry presented evidence of the Department's allegedly discriminatory and retaliatory conduct. Mayberry also presented evidence of damages the Department owed her in the form of back pay. When Mayberry attempted to testify about the extent of her mental and emotional damages, the Department successfully objected on the same ground it asserted in its special excep-

---

**1.** The law in effect at the time Mayberry filed her complaint with the Commission was found in Texas Revised Civil Statutes article 5221k. We will, therefore, refer to article 5221k, despite the

fact that it has been repealed and codified since the commencement of this lawsuit. *See* Tex. Lab.Code Ann. §§ 21.001–.306 (West 1996).

tions. Mayberry then made a bill of exceptions, which established her alleged mental and emotional damages.

The trial court charged the jury with answering questions about racial discrimination, unlawful retaliation, and back pay. The jury returned a verdict in favor of Mayberry on the theory of unlawful retaliation; they determined that Mayberry was entitled to $1,206 in back-pay. The Department moved that the court disregard the jury findings based on insufficiency of the evidence. The trial court denied the motion and rendered judgment for Mayberry in the amount of $1,206. After a hearing, the court also awarded Mayberry attorneys' fees, costs of court, and pre-and post-judgment interest.

Mayberry now appeals in one point of error the trial court's refusal to allow her to testify about the extent of her mental and emotional damages. The Department cross-appeals in two points of error the sufficiency of the evidence supporting the jury's verdict.

## DISCUSSION

### *Availability of Compensatory Damages*

■ Mayberry faults the trial court for refusing to allow her to introduce evidence of compensatory damages. Read literally, Mayberry's point of error challenges an evidentiary ruling of the trial court, which the Department contends we should review only for an abuse of discretion. *See Landry v. Travelers Ins. Co.,* 458 S.W.2d 649, 651 (Tex. 1970). The trial court's ruling, however, was not purely an evidentiary ruling; it was effectively a ruling on the Department's special exceptions, an issue of law. We review a trial court's determination of this issue of law de novo. *Detenbeck v. Koester,* 886 S.W.2d 477, 479 (Tex.App.—Houston [1st Dist.] 1994, no writ).

■ Whether or not the trial court erred depends on whether the statute creating Mayberry's cause of action afforded her a right to seek compensatory damages in addition to back-pay. When Mayberry filed her complaint with the Commission in May 1993, article 5221k was in effect. At that time, the statute allowed courts to award only equitable relief for unlawful employment practices.

*See* art. 5221k, § 7.01(c), (d), & (e). However, the legislature amended the statute in September 1993 to allow recovery of compensatory damages as well. *See* Act of May 14, 1993, 73d Leg., R.S., ch. 276, § 7, 1993 Tex. Gen. Laws 1291 (since repealed and codified at Tex. Lab.Code Ann. § 21.2585 (West 1996)) ("1993 amendment"). Mayberry concedes that the remedies afforded by the 1993 amendment are not available with respect to the conduct alleged in her May 1993 complaint. The 1993 amendment does not apply to that conduct because the legislature expressly stated the amendment applied "only to a complaint filed with the Commission on Human Rights on or after [September 1, 1993]." *See* 1993 amendment § 9; *see also* Tex. Gov't Code § 311.022 (West 1988) (statutes are presumed to be effective prospectively unless legislature expressly states otherwise). However, Mayberry argues she should be able to recover compensatory damages resulting from the additional retaliatory conduct she alleged in her amended pleadings because the conduct occurred after the 1993 amendment.

The Department, on the other hand, argues Mayberry is not entitled to recover compensatory damages for the post-amendment conduct because she never filed a complaint with the Commission based on that conduct after the amendment took effect. We agree with the Department.

In order for Mayberry to avail herself of the remedies afforded by the 1993 amendment, she would have had to file a complaint alleging the new conduct after September 1, 1993, the date the amendment took effect. The only time Mayberry ever filed a complaint with the Commission was in May 1993; obviously the post-amendment conduct was not included in that complaint because the conduct had not yet occurred.

Mayberry argues the conduct alleged in her amended pleadings should "relate back" to her original complaint with the Commission. That is, Mayberry argues additional complaints of retaliation after an employee has filed a lawsuit need not be raised in a separate complaint to the Commission, but instead come within the trial court's ancillary

jurisdiction. Mayberry cites federal authority interpreting the federal counterpart to article 5221k. *See* 42 U.S.C. §§ 2000e–1— 2000e–17 (West 1994 & Supp.1997); *Gottlieb v. Tulane Univ. of Louisiana*, 809 F.2d 278, 284 (5th Cir.1987). She also cites a Dallas Court of Appeals opinion following the federal rule. *See Turner v. Richardson I.S.D.*, 885 S.W.2d 553, 560 (Tex.App.—Dallas 1994, writ denied). Neither case addresses the issue before us.

In *Gottlieb*, the plaintiff alleged in her initial complaint that her employer had discriminated against her on the basis of gender. After trial and while the district court was considering her case, Gottlieb asked the court to reopen the case for consideration of new retaliation claims. The district court ruled that it had no jurisdiction over her retaliation claims because she had not first filed them with the Equal Employment Opportunity Commission ("EEOC"). *See Gottlieb*, 809 F.2d at 284. The Fifth Circuit reversed the district court, holding the district court had ancillary jurisdiction over the retaliation claims. The Fifth Circuit reasoned that to require Gottlieb to file a separate EEOC complaint on the retaliation claims would have constituted a mere procedural technicality. *Id.*

In *Turner*, the plaintiffs filed several complaints with the Commission about the same employer, some of which alleged unlawful retaliation. Some of the retaliation claims were finally adjudicated in a federal lawsuit. The Turners then attempted to raise some of the same retaliation claims in state court. The Dallas Court of Appeals cited the *Gottlieb* decision in noting that the Turners had attempted to raise their retaliation claims earlier in their federal lawsuit. *See Turner*, 885 S.W.2d at 560. The court then held the Turners's state retaliation claims were barred by res judicata. *Id.*

Unlike Mayberry, neither the plaintiff in *Gottlieb* nor the plaintiffs in *Turner* attempted to secure new remedies upon amendment of their initial claims. *Gottlieb* dealt with the limited issue of whether a court can entertain retaliation claims that are "tacked onto" discrimination claims without first being the subject of administrative complaints. The *Turner* court went further to address the effect of a plaintiff's attempt to litigate such retaliation claims anew. The Department in the case at bar does not dispute that the district court had jurisdiction over Mayberry's retaliation complaints. Neither does the Department contend that Mayberry's claims are barred by res judicata. The Department disputes that a different law should control the "tacked on" retaliation complaints, an issue not raised in either *Gottlieb* or *Turner*.

Mayberry essentially requests us to piggyback the retaliation claims on the original complaint for some purposes, like conferring jurisdiction, but not another, namely determining what law governs. Although we agree that the trial court had jurisdiction over Mayberry's retaliation claims, we find no authority for the proposition that post-complaint retaliatory claims should be governed by the prospective statutory amendment that became effective after the original complaint. In light of the absence of a post-statutory-amendment complaint to the Commission, the trial court correctly refused to allow Mayberry to introduce evidence of mental and emotional damages. We overrule Mayberry's point of error.

### Sufficiency of the Evidence

We turn to the Department's contention that the jury's verdict is not supported by legally sufficient evidence. The Department first contends in cross-point of error one that the evidence does not support the jury's finding that the Department retaliated against Mayberry. In order to establish a prima facie case of retaliation, Mayberry was required to prove (1) she engaged in a protected activity, (2) the Department took an adverse employment action against her, and (3) the Department took the adverse action because of her engagement in the protected activity. *See Barrow v. New Orleans S.S. Ass'n*, 10 F.3d 292, 298 (5th Cir. 1994).[2] The Department contends there is no evidence in the record supporting the

---

**2.** We may look to federal civil rights law in interpreting cases brought under the Texas Commission on Human Rights Act. *See City of Aus-* *tin v. Gifford*, 824 S.W.2d 735, 739 (Tex.App.— Austin 1992, no writ).

jury's determination of either the second or third elements of the retaliation analysis.

In determining whether the evidence legally supports the verdict, we consider only the evidence and inferences tending to support the jury's finding and disregard all evidence and inferences to the contrary. *Burroughs Wellcome Co. v. Crye,* 907 S.W.2d 497, 499 (Tex.1995). We will uphold the jury's finding if more than a scintilla of evidence supports the finding. *Id.*

We conclude the evidence is legally sufficient to support the jury's determination that the Department took an adverse employment action against Mayberry because she filed a complaint with the Commission. The record reveals that after Mayberry filed her original discrimination complaint with the Commission, she received lower employee evaluation marks than she had in previous years. Furthermore, the record reveals that one of these employee evaluations was delayed five months past the date it was due. A Department representative testified that he told Mayberry's supervisor not to compile Mayberry's evaluation when it was due because of her pending complaint with the Commission. He also admitted that Mayberry could not be eligible for a merit pay increase unless she had a current evaluation.

The Department contends these actions do not constitute adverse employment actions because they did not negatively affect Mayberry's salary or benefits. *See Dollis v. Rubin,* 77 F.3d 777, 781 (5th Cir.1995); *Gustovich v. AT & T Communications, Inc.,* 972 F.2d 845, 847 (7th Cir.1992); *cf. Long v. First Union Corp. of Virginia,* 894 F.Supp. 933, 944 (E.D.Va.1995), *aff'd,* 86 F.3d 1151 (4th Cir.1996) (poor performance reviews are not necessarily linked to retaliation). We disagree.

The testimony of the Department representative reveals that some of the Department's actions made it impossible, at least for some period of time, for Mayberry to be considered for a pay increase. Furthermore, the evidence reveals the delay was directly tied in part to Mayberry's filing a discrimination complaint with the Commission. The jury could reasonably have inferred that the low evaluation scores were also tied to Mayberry's having filed a complaint. We hold the evidence is legally sufficient to support the conclusion that the Department took an adverse employment action against Mayberry. We further hold the evidence supports the conclusion that Mayberry would at least have been eligible for a raise, and may actually have received one had the Department not postponed her evaluation based on the pending complaint. Accordingly, we overrule the Department's first cross-point.

■ In its second cross-point of error, the Department contends the evidence is not legally sufficient to support the jury's award of $1,206 to Mayberry. We disagree.

Mayberry was due an evaluation in April 1994 but she did not receive one until September 1994. The record supports the inference that but for the Department's retaliation, Mayberry would have received her evaluation on time. The record also supports the contrary inferences that the Department may not have delayed the evaluation out of retaliatory motives, or that only part of the delay was caused by retaliatory motives. In any event, even the late evaluation consisted of scores lower than Mayberry's previous scores. Furthermore, it is undisputed that Mayberry did not receive a merit raise in 1994.

The jury could rationally have concluded that Mayberry did not receive a merit raise in 1994 because (1) the Department delayed her evaluation, (2) the Department gave her lower evaluation scores, or (3) both. In other words, the jury could rationally have believed that but for the Department's retaliation, Mayberry would have received a merit raise in April 1994, in September 1994, or sometime in between, depending on the jury's view of the evidence.

The jury could then have referred to the salary classification table admitted in evidence to determine the amount of money Mayberry lost by not receiving a merit raise in 1994. According to the table, if Mayberry had received a one-step increase in April

1994,[3] she would have earned $1,292 more than she did for the work she performed from May 1994[4] through November 1995.[5] If, on the other hand, the jury decided Mayberry would have received a raise in September 1994, the table would lead them to conclude the Department owed her $1,028 for the work she performed from October 1994 through November 1995. The jury's verdict falls almost squarely in between the two numbers.

The jury has the discretion to award damages within the range of evidence presented at trial, so long as a rational basis exists for the jury's calculation. *See City of Houston v. Harris County Outdoor Adv. Ass'n*, 879 S.W.2d 322, 334 (Tex.App.—Houston [14th Dist.] 1994, writ denied), *cert. den'd*, —— U.S. ——, 116 S.Ct. 85, 133 L.Ed.2d 42 (1995); *First State Bank v. Keilman*, 851 S.W.2d 914, 930 (Tex.App.—Austin 1993, writ denied). The fact that there is nothing in the record to evidence how the jury arrived at the specific $1,206 amount is not fatal to the verdict for two reasons.

First, the verdict is reasonable because of the relative narrowness of the range of numbers supported by the evidence. That is, the jury's verdict does not differ greatly from either the top end of the range or the bottom end. *See City of Houston*, 879 S.W.2d at 335 (evidence established range from $14.74 to $179.00, within which fee could be reasonable; trial court determined reasonable fee was $40; appellate court upheld trial court's determination).

Second, the evidence supported a range of awards, as opposed to two distinct options. In other words, the jury was presented with a range of potentially appropriate awards because the evidence did not clearly establish the length of service for which Mayberry was entitled to back pay. This case is distinguishable from other types of cases in which the jury is charged with applying a predetermined formula with no variables or deciding

between two clear options. *Cf. Keilman*, 851 S.W.2d at 931 (evidence established bank charged *either* $169.92 *or* $7,161.44 in interest; jury determined bank charged $360 in interest; this Court reversed the verdict for lack of sufficient supporting evidence). We hold, therefore, that the jury's determination of damages is supported by legally sufficient evidence. Accordingly, we overrule the Department's second cross-point.

## CONCLUSION

Having overruled both Mayberry's point of error and the Department's cross-points, we affirm the trial court's judgment.

---

**3.** According to Department records admitted in evidence, the usual merit pay increase is a one-step increase.

**4.** The record contains evidence that a merit raise takes effect the month after the corresponding evaluation is conducted.

**5.** The trial was held in early December 1995; therefore, the jury might reasonably have calculated damages based on Mayberry's working through November 1995, the last complete month before trial.