# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-18-00066-CV
---

**Just Fondue It, L.L.C.; Capital Fondue, L.L.C.;**
**Michael R. Swartz, Jr.; and Kelly Ann Swartz, Appellants**

**v.**

**Comerica Bank, a Texas Banking Association, successor in interest by merger to**
**Comerica Bank, a Michigan banking corporation, Appellee**

---
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-GN-12-003990, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

Appellants Just Fondue It, L.L.C.; Capital Fondue, L.L.C.; Michael R. Swartz, Jr.;

and Kelly Ann Swartz contend that the evidence is legally and factually insufficient to support the

trial court's judgment rendered after a bench trial on the debt claim of appellee Comerica Bank, a

Texas Banking Association (Comerica).  We will affirm the trial court's judgment.

## BACKGROUND

Comerica filed a lawsuit against appellants seeking a judgment for the unpaid balance

under a U.S. Small Business Administration (SBA) promissory note in the principal amount of

$1,176,000.00 (the Note).  The lawsuit alleged that in 2007 Just Fondue It signed the Note and the

other three appellants signed guaranties of the Note.  Comerica further alleged that appellants

defaulted on the Note, Comerica accelerated the Note, and appellants failed to make partial monthly

payments on the Note per the parties' agreed payment arrangement. Comerica's petition alleged that it is the "legal owner and holder of the Note and Guaranties" and that it "seeks recovery of the entire, unpaid principal balance of the Note, together with all accrued but unpaid interest, and any other amounts due and owing pursuant to the terms of the Note and Guaranties." In their answer, appellants made a verified plea that Comerica is "not the holder []or the owner" of the Note and asserted that Comerica had not met the condition precedent of selling their collateral (fondue-restaurant fixtures, furniture, and equipment) in a commercially reasonable manner.

After a bench trial, the trial court rendered judgment for Comerica of $1,676,480.63 plus interest, costs, and attorney's fees. The judgment also awarded appellants a credit against the judgment amount for "[a]ny amounts received by the U.S. Small Business Administration (SBA) or the U.S. Treasury Department from collection efforts against any of the Defendants."

## DISCUSSION

Appellants raise two issues on appeal: (1) the trial court erred in finding that Comerica was the owner and holder of the Note and guaranties, and (2) the trial court erred in finding that a commercially reasonable sale of the collateral would have realized $31,500 in net proceeds.

With respect to their first issue, appellants contend that the trial court improperly admitted Comerica's copies of the Note and guaranties rather than the original instruments. *See* Tex. R. Evid. 1003 ("A duplicate is admissible to the same extent as the original unless a question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate."). Specifically, appellants assert that "the circumstances made it unfair to admit a duplicate rather than the original note and guaranties under Rule 1003" because they were "simultaneously defending this

2

lawsuit by Comerica . . . and [facing] the administrative seizure actions of the federal government [through wage garnishment]." Without production of the original instruments, appellants continue, Comerica could not prove that the instruments had not been transferred or assigned to another party (i.e., the SBA) and that it was still the owner and holder of the instruments and had the right to enforce them. *See* Tex. Bus. & Com. Code §§ 1.201 (defining "holder" to include, relevantly, "person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession"), 3.301 (defining "person entitled to enforce" instrument to include, relevantly, "holder" of instrument). Appellants additionally contend that the evidence established that Comerica was no longer the owner or holder of the Note because it had "assigned" it to the SBA, relying on documents admitted at trial evidencing communications between the SBA and Comerica and a 2008 indorsement on the Note reading, "The guaranteed portion of this note has been transferred to a registered holder for value."

We review the trial court's ruling on the admissibility of the duplicate Note and guaranties for an abuse of discretion. *See Whirlpool Corp. v. Camacho*, 298 S.W.3d 631, 638 (Tex. 2009); *see also Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985) (explaining that trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles). On this record, we conclude that the trial court did not abuse its discretion in admitting the duplicate instruments.

The federal government's and Comerica's simultaneous collection efforts against appellants does not, as a matter of law, make it unfair for the trial court to have admitted duplicates of the loan instruments or call into question the duplicates' authenticity. Evidence showed that the

3

federal government was pursuing its administrative seizure actions against appellants because it had the right to collect on delinquent SBA loans, including via wage garnishment. Appellants have not cited any authority preventing a private lender from pursuing collection efforts on an SBA loan that the federal government is servicing and collecting, and there was no evidence to that effect; to the contrary, Comerica's witness testified that he was not aware of any law prohibiting simultaneous collection. On this record, we conclude that the trial court did not act unreasonably or without reference to guiding rules and principles in determining that it was not unfair to appellants to admit the duplicates of the Note and guaranties.

Furthermore, we hold that Comerica was not required to produce the original Note and guaranties to prove that it had not assigned the instruments and, thus, was still the owner and holder. Comerica could have established that same fact with affidavits or testimony, which it did present on the issue prior to the court's ruling on appellants' objection to the duplicates. *See Zarges v. Bevan*, 652 S.W.2d 368, 369 (Tex. 1983) (per curiam) (holding that photocopy of note attached to affidavit of holder, who swore it was true and correct copy, was proper summary-judgment evidence and sufficient as matter of law to prove status of owners and holders of note absent controverting summary-judgment proof); *Garza v. Evans*, No. 01-11-00666-CV, 2012 WL 1893731, at *8 (Tex. App.—Houston [1st Dist.] May 24, 2012, no pet.) (mem. op.) (holding that party's testimony that he received original of guaranty, he was its owner and holder, and copy thereof was true and accurate copy of original was sufficient to prove his status as legal owner and holder of guaranty, absent evidence that he had transferred or assigned his rights thereunder).

Comerica's witness, Cedric Jordan, testified that the original Note had not been "transferred or conveyed in any way from Comerica"; that the duplicates sought to be admitted by

4

Comerica were true and correct copies of the originals; that it is "standard practice in litigation to use copies"; that the originals are located in a vault in Michigan and "never leave the vault . . . unless the loan is paid in full"; and that due to his involvement with this particular loan, he "would have knowledge if the note or guarant[i]es had been assigned." Jordan further testified that under the SBA loan program, the federal government—as well as the lender—has the authority to collect on a note. Jordan explained that the SBA had guaranteed 75% of the Note and that the indorsement on the Note—"[t]he guaranteed portion of this note has been transferred to a registered holder for value"—meant that the SBA had paid Comerica the 75% that the SBA had guaranteed, meaning that when Comerica collected on the Note, it would be contractually bound to forward 75% of its collections to the SBA. Jordan testified that in 2017, the Note "stayed with Comerica" but the "loan servicing of it was sent back to the SBA."

The documentary evidence that appellants cite as allegedly demonstrating Comerica's transfer or legal "assignment" of the Note to the SBA does not conclusively establish that fact. At best, it constitutes controverting evidence to Jordan's testimony that the Note was not assigned and that Comerica was still in possession of it.[1] The resolution of conflicts in the evidence, such as whether Comerica assigned the Note or retained possession of it, was within the province of the trial court as fact finder, and we assume that the fact finder resolved all such conflicts in favor of the judgment unless it would have been unreasonable to do so. *See City of Keller v. Wilson*, 168 S.W.3d 802, 819

---

[1] In addition to the indorsement on the Note, appellants cite emails between employees of Comerica and the SBA. In one of the emails, after Comerica informs the SBA that it is in active litigation against appellants with respect to this loan, one SBA employee indicates that the SBA had already referred the loan to the Department of Treasury for servicing and inquires of another SBA employee whether it is "possible to pull the loan from Treasury and assign it back to Comerica so that Comerica may pursue a judgment?"

(Tex. 2005). We conclude that the evidence was legally and factually sufficient, *see Kendall Builders, Inc. v. Chesson*, 149 S.W.3d 796, 802–03 (Tex. App.—Austin 2004, pet. denied) (outlining legal- and factual-sufficiency standards of review), to support the trial court's finding that Comerica was the legal owner and holder of the Note and guaranties. Accordingly, we overrule appellants' first issue.

In their second issue, appellants contend that Comerica "failed to produce any evidence of the 'amount of proceeds that would have been realized'" had Comerica conducted its sale of appellants' collateral in a commercially reasonable manner. *See* Tex. Bus. & Com. Code §§ 9.626(a)(3)(B) (providing that if secured party fails to dispose of collateral in commercially reasonable manner, debtor's liability for deficiency is limited to amount by which secured obligation exceeds amount of proceeds that would have been realized in commercially reasonable disposition), .627(b) (defining what constitutes disposition of collateral in "commercially reasonable manner"). We read this complaint to be a challenge to the legal sufficiency of the evidence to support the trial court's finding on the proceeds issue.[2]

Contrary to appellants' contention, the record reflects that Comerica did, in fact, produce evidence of the amount of proceeds that would have been realized had Comerica disposed of the collateral in a commercially reasonable manner. *See id.* § 9.626(a)(4) (providing that amount of proceeds that "would have been realized" had sale been commercially reasonable is equal to "the

---

[2] Both the trial court's Finding of Fact Number 11 and Conclusion of Law Number 4 provide

The amount of the proceeds from the disposition of the Collateral that would have been realized had the disposition of the Collateral be[en] in accordance with the Texas Business and Commerce Code Section 9.610 et seq. and in a commercial[ly] reasonable manner would have been $50,000, with the net proceeds being $31,500 with the reasonable charges for auctioneer costs to be 20% of the proceeds ($10,000), and transportation costs of approximately $8,500.

sum of the secured obligation, expenses, and attorney's fees *unless the secured party proves that the amount is less than that sum*" (emphasis added)). Comerica's witness, Frank Sughrue, testified that he has been in the auction business for over thirty years; is a Texas licensed auctioneer, specializing in commercial liquidations; has conducted hundreds of appraisals, including of restaurant equipment, furniture, and fixtures; and had recently been a speaker at a Texas Continuing Legal Education convention on the topic of commercially reasonable sales. He testified that he was familiar with the collateral at issue, having appraised it in 2009 with a value at that time of $29,305 (if liquidated by public auction in a commercially reasonable manner). He further testified that a public disposition of collateral such as that at issue would result in the highest net proceeds. He opined that had the collateral been disposed of by public auction in a commercially reasonable manner during the time frame when Comerica disposed of it, the net proceeds would have been between $25,000 and $30,000, with expenses associated with moving the collateral from Austin to the public auction area around $6,000 or $7,000. Appellant Michael Swartz testified that he believed the collateral could have realized as much as $200,000 if Comerica had specifically notified other fondue-restaurant franchisees about the collateral sale but did not present any other evidence to support this assertion.

As a general rule, a fact finder has broad discretion to award damages within the range of evidence presented at trial, so long as a rational basis exists for the fact finder's calculation. *See Khorshid, Inc. v. Christian*, 257 S.W.3d 748, 760 (Tex. App.—Dallas 2008, no pet.); *Mayberry v. Texas Dep't of Agric.*, 948 S.W.2d 312, 317 (Tex. App.—Austin 1997, writ denied). Sughrue's opinion about the amount of proceeds that would have been realized had the sale of the collateral been commercially reasonable was supported by his many years of experience with auctions,

appraisals, and commercially reasonable sales as well as his familiarity with the collateral at issue. The trial court's calculation of the amount of net proceeds fell within the range of the evidence presented at trial, which provided a rational basis for the calculation of an amount within that range. We conclude that the trial court's finding about the amount of net proceeds was supported by legally sufficient evidence. Accordingly, we overrule appellants' second issue.

## CONCLUSION

Having overruled both of appellants' issues, we affirm the trial court's judgment.

_____

Thomas J. Baker, Justice

Before Justices Baker, Kelly, and Smith

Affirmed

Filed:   March 27, 2019